THE STATE OF OHIO, APPELLANT, *v.* HOYER, APPELLEE.

(No. 2105 — Decided January 15, 1986.)

*Ronald L. Rehm,* assistant prosecuting attorney, for appellant.

*Ralph D. Amiet,* for appellee.

MAHONEY, P.J. Appellant, the state of Ohio, appeals the judgment of the Wayne County Municipal Court granting appellee Kevin Hoyer's motion to suppress certain statements he made while under arrest and a handgun later discovered during a search of his car. We reverse and remand.

## Facts

At approximately 11:00 p.m. on February 6, 1985, Kevin Hoyer was stopped on U.S. Route 250 in Wayne County, Ohio by an Ohio Highway Patrol officer and arrested for driving while under the influence of alcohol. After making the arrest, the officer gave Hoyer the option of having his car towed or securing it at the scene well off the highway. Hoyer chose the latter. The car was then locked and left at the scene. Hoyer was then taken to a Highway Patrol post where he was given a blood-alcohol test and informed of his rights pursuant to *Miranda* v. *Arizona* (1966), 384 U.S. 436, 36 O.O. 2d 237. Hoyer was fully able to understand these warnings and indicated to the officer that he understood them.

Hoyer was then moved from the patrol post to the Wayne County Justice Center. Before entering the Justice Center, the arresting officer performed a routine pat-down search of Hoyer and found six .357 caliber cartridges in his pocket. The officer then asked Hoyer where the gun was. Hoyer told the offi-

cer that the gun was under the front seat of his car. The officer took Hoyer's keys and drove back to where the car had been left. The officer searched Hoyer's car without a warrant and found a loaded .357 magnum handgun in a case under the driver's seat. After finding the gun, the officer impounded Hoyer's car and performed an inventory search.

Hoyer was indicted on one count of improperly transporting a firearm in a motor vehicle in violation of R.C. 2923.16(B). Hoyer filed a motion to suppress his statement as to the gun's whereabouts and the gun itself. This motion was granted and the state now appeals pursuant to R.C. 2945.67 and Crim. R. 12(J).

### Assignment of Error

"The trial court erred in granting appellee's motion to suppress when it found that the statement of appellee concerning the location of the gun was improperly obtained and that the gun was therefore also improperly obtained by reason of an illegal search."

In situations in which the facts indicate to an officer that a gun is loose in a public area or in an unattended automobile, which is subject to intrusion by vandals or thieves, the public safety concerns involved justify an easing of both the *Miranda* requirements and the requirements for search and seizure. See *New York* v. *Quarles* (1984), 467 U.S. 649; *Cady* v. *Dombrowski* (1973), 413 U.S. 433.

Once the officer found the bullets on Hoyer, she had reason to believe that the gun was either in his car or had been discarded somewhere en route to the Justice Center, thus posing a danger to the public safety. Given this situation and the fact that Hoyer was fully aware of his rights, it was proper for the officer to ask where the gun was without first obtaining an express waiver of Hoyer's rights regardless of the subjective motivation behind the question. *New York* v.

*Quarles, supra,* at 655-657. Due to the dangers posed by the gun, the officer's question to Hoyer was properly made and Hoyer's response is admissible into evidence against him.

After being informed that the gun was in the car which had been left unattended on the side of the road where it was readily accessible to vandals and thieves, the officer was justified in going to the car in order to remove the gun from its vulnerable and dangerous position. *Cady* v. *Dombrowski, supra.* Hoyer's gun was therefore properly seized and may also be admitted into evidence against him.

### Summary

Appellant's assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment reversed and cause remanded.*

BAIRD and QUILLIN, JJ., concur.